# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 24-60501
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 17, 2025

Lyle W. Cayce
Clerk

Ana Maria Navarro-De Ramirez; Jefri Farid Ramirez-Navarro,

*Petitioners,*

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent.*

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A206 765 994,
A206 765 995

———————————————————————

Before Richman, Douglas, and Ramirez, *Circuit Judges.*

Per Curiam:[*]

Ana Maria Navarro-De Ramirez and Jefri Farid Ramirez-Navarro, natives and citizens of El Salvador, petition this court for review of a decision of the Board of Immigration Appeals (BIA) affirming an order of an

—————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

immigration judge (IJ) denying their applications for asylum and withholding of removal.

To be eligible for asylum, 8 U.S.C. § 1158(b)(1), an applicant must prove that she is unwilling or unable to return to her home country "because of persecution or a well-founded fear of persecution on account of [a protected ground]." *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (quoting 8 U.S.C. § 1101(a)(42)(A)). Where the persecutor is a non-government actor, the applicant "must also establish that the authorities were 'unable or unwilling to control'" the persecutor. *Sanchez-Amador v. Garland*, 30 F.4th 529, 533 (5th Cir. 2022) (quoting *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006)). A government's difficulty in controlling the private behavior is insufficient. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 233 (5th Cir. 2019). Because withholding has a higher standard than asylum, one who fails to show eligibility for the latter necessarily fails to show eligibility for the former. *Bertrand v. Garland*, 36 F.4th 627, 633 (5th Cir. 2022); *Gonzales-Veliz*, 938 F.3d at 224.

We review the BIA's opinion and consider the IJ's decision only insofar as it influences the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Because the BIA's determination that petitioners were ineligible for asylum and withholding is reviewed for substantial evidence, it may not be disturbed unless the evidence "*compels*" a contrary conclusion. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005)).

Assuming that the BIA improperly relied on the fact that police took Navarro-De Ramirez's complaints as evidence that Salvadoran authorities were willing to protect the petitioners from the gang violence that they feared, the IJ and BIA further found that country conditions evidence established that the Salvadoran government was taking actions to arrest and

control criminal elements of society, including gangs. Moreover, they further found that the country conditions evidence was corroborated by (1) Navarro-De Ramirez's testimony that family members told her that the police were arresting more criminals and suspects and by (2) the investigation and arrest of the gang member who murdered her uncle. Petitioners do not dispute the cited evidence or argue that it is irrelevant to the determination whether the Salvadoran authorities are unable or unwilling to control their feared private persecutors. Accordingly, they fail to demonstrate that the evidence compels a conclusion, contrary to that of the IJ and BIA, that they satisfied their burden of showing that the Salvadoran government would be unable or unwilling to protect them from the gang violence that they feared. *See Gonzales-Veliz*, 938 F.3d at 224, 233.

Because their failure to establish that the Salvadoran government was unable or unwilling to protect them is dispositive of their asylum and withholding claims, their petition for review is DENIED. *See Bertrand*, 36 F.4th at 633; *Gonzales-Veliz*, 938 F.3d at 233.